IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

CATERPILLAR FINANCIAL SERVICES )
CORPORATION, )
 )
    Plaintiff, )
 )
v. ) CIVIL ACTION NO. 99-PWG-0341-J
 )
F. ELLIS TAYLOR, )
 )
    Defendant. )

**ENTERED**

MAR 1 2 2001

<u>MEMORANDUM OF OPINION</u>

    This matter is before the court on the Motion for Summary Judgment filed by plaintiff Caterpillar Financial Services Corporation. The parties have consented to the jurisdiction of the magistrate judge pursuant to 28 U.S.C. § 636(c) and LR 73.2.

    The following facts are undisputed. On January 15, 1998 F. Ellis Taylor, the defendant herein, entered into an installment sales contract and security agreement with Thompson Tractor Company for the purchase of three pieces of equipment. Taylor financed $1,729,413.34 of the purchase price at 8.9% interest to be repaid in thirty-six equal monthly installments of $55,868.97 beginning February 15, 1998.

    The contract provided that defendant's obligations under the contract would "not be affected by any defect in, damage to, loss of or interference with possession or use of any unit, by the attachment of any lien or claim to any unit or any other cause." The contract further provided that Taylor waived "all claims and defenses purchaser may have or assert against seller and agrees that no such claim or defense will be asserted against seller['s] assignee." On January 15, 1998 Thompson assigned its rights under the contract to Caterpillar Financial. After the assignment Taylor failed to make the necessary payment, thereby defaulting on the contract. On July 30, 1998

Caterpillar Financial notified plaintiff that he was in default, that Caterpillar Financial was terminating the contract and that it was demanding immediate possession of the equipment. Caterpillar Financial also notified defendant that $1,680,005.18 was immediately due and payable plus late charges, costs and expenses. Taylor surrendered possession of the equipment to Caterpillar Financial. On August 24, 1998 Caterpillar Financial notified Taylor that the repossessed equipment would be sold on or after September 3, 1998 and that Taylor would be liable for any deficiency if the proceeds were less than the unpaid balance and associated expenses.

Thereafter, Caterpillar Financial advertised the equipment for sale to Caterpillar dealers world wide and the equipment was subsequently sold to Rust Tractor and Thompson Tractor for a total of $980,000. The contract expressly provided that sales to a wholesale retailer or user of the units are all commercially reasonable. After the commercial sale of the equipment, a deficiency remained in the amount of $742, 058.49.

Summary judgment is appropriate only if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Rule 56, *Federal Rules of Civil Procedure*. In making that assessment, the court must view the evidence in a light most favorable to the non-moving party and must draw all reasonable inferences against the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The burden of proof is upon the moving party to establish his prima facie entitlement to summary judgment by showing the absence of genuine issues and that he is due to prevail as a matter of law. See *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). Once that initial burden has been carried, however, the non-moving party may not merely rest upon his pleading, but must come forward with evidence supporting each essential element of his claim. See *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Barfield v. Brierton*, 883 F.2d 923 (11th Cir. 1989). Unless the plaintiff, who

carries the ultimate burden of proving his action, is able to show some evidence with respect to each element of his claim, all other issues of fact become immaterial and the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Bennett v. Parker*, 898 F.2d 1530 (11th Cir. 1990). As the Eleventh Circuit has explained:

> Facts in dispute cease to be "material" facts when the plaintiff fails to establish a prima facie case. "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." [Citation omitted]. Thus, under such circumstances, the public official is entitled to judgment as a matter of law, because the plaintiff has failed to carry the burden of proof. This rule facilitates the dismissal of factually unsupported claims prior to trial.

898 F.2d at 1532.

Taylor has asserted no defense to Caterpillar Financial's claim. Further, he expressly agreed not to assert any defenses that he may have against Thompson or against Thompson's assignee. He also agreed that if he defaulted on the contract, he would be responsible for any deficiency remaining after the equipment was repossessed and sold and that he would pay all reasonable attorney's fees and costs and expenses incurred in enforcing the contract. He further agreed that the sale in the manner described was commercially reasonable.

Because there is no ambiguity in the contract, this court is required to enforce the contract as it is written. *Universal Underwriters Life Ins. v. Dutton*, 736 So.2d 564, 570 (Ala. 1999). Based on the foregoing, Caterpillar Financial's motion for summary judgment is due to be GRANTED. A separate Final Judgment will be entered simultaneously herewith.

DONE this the 2nd day of March, 2001.

_____
PAUL W. GREENE
UNITED STATES MAGISTRATE JUDGE